UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Antawn Markise Griffin, | ) | C/A No. 3:09-3003-CMC-JRM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| Phillip Anderson;<br>Tony Davis;<br>Sharon Middleton, | ) | |
| Defendants. | ) | |

Antawn Markise Griffin (Plaintiff) files this civil action *pro se* pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff currently is incarcerated at the Greenwood County Detention Center. Plaintiff brings this case alleging excessive force. Plaintiff names Phillip Anderson, Tony Davis and Sharon Middleton as defendants. Plaintiff seeks damages.

### *Pro* Se and In *Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge.

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

### Discussion

In order to state a viable § 1983 claim[2] for damages arising from the use of excessive force,

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their authority to deprive individuals of their federally guaranteed rights and

the plaintiff must allege that he suffered more than a *de minimis* injury as a result of the excessive force. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) ("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*"). In *Taylor v. McDuffie*, 155 F.3d 479 (4th Cir.1998), the Fourth Circuit held, "[e]ven if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force has subsided," the plaintiff must also demonstrate that his or her injuries "resulting from such force are more than *de minimis*." *Id.* at 483 (citing *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997)). The Fourth Circuit further held that a showing of more than a *de minimis* injury is an "element essential" to an excessive force claim. *Taylor v. McDuffie*, 155 F.3d at 483.

Depending on the facts alleged, the issue of whether an injury is *de minimis* may be found "as a matter of law." *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (plaintiff's claimed injury so "insubstantial that it cannot as a matter of law support her claim . . . ."). Furthermore, it has been held that allegations showing only pushing or shoving and temporary pain and/or swelling, but not permanent injury, following a forcible incident are not sufficient to support a claim for damages under 42 U.S.C. § 1983. *See Wertish v. Krueger,* 433 F.3d 1062 (8th Cir. 2006) (relatively minor scrapes and bruises and the less-than-permanent aggravation of a prior shoulder condition were *de minimis* injuries and insufficient to support claim of excessive force); *Carter v. Morris*, 164 F.3d at 219 n.3 (claim that handcuffs were too tight and that an officer pushed plaintiff's legs as she got into the police car did not support claim); *Norman v. Taylor*, 25 F.3d at 1263-64 (swollen thumb was *de minimis*); *see also Taylor v. McDuffie,* 155 F.3d at 484 (4th Cir. 1998) ("temporary swelling

---

to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996).

and irritation is precisely the type of injury this Court considers *de minimis*"); *Stanley v. Hejirika*, 134 F.3d 629, 637-38 (4th Cir. 1998) (bruises, swelling, and a loosened tooth constituted *de minimis* injury).

In the present case, Plaintiff claims that while Defendant Anderson was escorting Plaintiff to lock-up, Defendant Anderson "slammed [him] against the wall, choked [him] and strucked [sic] [him] across the head." (Compl. at 3.) However, Plaintiff fails to allege *any* injury as a result of Defendant Anderson's actions while escorting Plaintiff. Additionally, Plaintiff does not indicate that he received any medical attention as a result of the incident, or that any medical treatment was necessary. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d at 1278. Because the Plaintiff's allegations, liberally construed, show no injury resulting from the alleged excessive force incident, they fail to show facts that would support an essential element of a § 1983 excessive force claim. Therefore, this case should be summarily dismissed without the issuance of process for the Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C.

§ 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Joseph R. McCrorey  
United States Magistrate Judge

December 4, 2009  
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).